UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20129-CIV-UNGARO/O'SULLIVAN

SILVIANA TRIFAN,

      Plaintiff,

v.

CG RYC, LLC, CG MIAMI RIVER LLC,
FOOD AND LEVERAGE, LLC,
STEPHANE DUPOUX, and
MEYER CHETRIT,

      Defendants.

                                    /

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendants' Motion for Sanctions (DE# 30, 4/2/18). This matter was referred to the undersigned by the Honorable Ursula Ungaro (DE# 31, 4/3/18). Having carefully considered the motion, Zarco Einhorn Salkowski & Brtio, P.A.'s Memorandum in Opposition to Defendants' Motion for Sanctions (DE# 33, 4/19/18) ("Response"), the Defendants' Reply to Memorandum in Opposition to Motion for Sanctions, Request for Hearing and Request for Evidentiary Hearing (DE# 34, 4/20/18), the court file and the applicable law, the undersigned recommends that the Defendants' Motion for Sanctions (DE# 31, 4/2/18) be **DENIED**.

## BACKGROUND

The Complaint (DE# 1, 1/11/18) in this action was filed in this Court after the Court *sua sponte* severed the plaintiff from a Complaint that was removed from state court.[1]  The Complaint asserted two federal claims and three state law claims: Count I

_____

[1]The plaintiff, Silviana Trifan, was one of twelve plaintiffs who were included in a Complaint that was removed from state court and alleged five claims: two under the

for failure to pay minimum wage; Count II for failure to pay overtime wage compensation; Count III breach of contract; Count IV accounting and Count V unjust enrichment.  As in *Bodan*,[2] the Court *sua sponte* declined to exercise supplemental jurisdiction over the state law claims that involved elements of proof that were distinct from the federal claims and involved questions of state law and factual questions unlike those relevant to the issue of compliance with the Fair Labor Standards Act. Order (DE# 4, 1/16/18). The defendants filed a motion to dismiss the Complaint.  Motion to Dismiss Plaintiff's Complaint (DE# 25, 3/16/18).  Four days later, on March 20, 2018, the Court granted the Motion to Dismiss Plaintiff's Complaint without prejudice and directed the plaintiff to "correct the deficiencies identified in the Order Granting the Defendants' motion to dismiss in *Bodan*" by March 23, 2018.  Order (DE# 26, 3/20/18).

The plaintiff filed her Amended Complaint on March 23, 2018.  (DE# 27, 3/23/18).  On March 26, 2018, the Court *sua sponte* disqualified the plaintiff's counsel, Robert Zarco, Esq., Beshoy Rizk, and the law firm of Zarco Einhorn Sakowski & Brito,

---

Fair Labor Standards Act ("FLSA") for minimum wage and overtime violations, and three under state law for breach of contract, accounting, and unjust enrichment. See *Nancy Bodan, et al.  v. CG RYC, LLC, et al.*, Case No. 17-cv-24530-UU ("*Bodan*"). After the defendants removed the action to federal court (DE# 1, 12/14/17), and because the plaintiffs were improperly joined in that action and it was not filed as a collective action, the Court *sua sponte* severed eleven of the twelve plaintiffs, including Silviana Trifan, and dismissed them without prejudice. Order (*Bodan* DE# 8, 12/27/18). Shortly thereafter, the Court declined to exercise supplemental jurisdiction and *sua sponte* dismissed without prejudice the state law claims of breach of contract (Count III), accounting (Count IV) and unjust enrichment (Count V).  Order (*Bodan* DE# 17, 1/12/18).

[2]*Nancy Bodan, et al.  v. CG RYC, LLC, et al.*, Case No. 17-cv-24530-UU ("*Bodan*").

P.A. because they were disqualified in the *Bodan* case. Order (DE# 28, 3/26/18).  The Order required the plaintiff "to file a notice with the Court no later than **Thursday, March 29, 2018**, indicating whether she intends to proceed *pro se* or whether she will retain new counsel.  Failure to comply with this Order will result in the immediate dismissal of this action."  Id. (emphasis in original).

On March 30, 2018, the Court *sua sponte* dismissed without prejudice the plaintiff's Amended Complaint for failing to comply with the notice requirement and the deadline imposed in the Court's disqualification of counsel order (DE# 28, 3/26/18).  Order (DE# 29, 3/30/18).  On April 2, 2018, the defendants filed the subject motion for sanctions, which is virtually identical to the amended motion for sanctions filed in the *Bodan* case.  (DE# 30, 4/2/18); see Defendants' Motion for Sanctions in *Bodan* (DE# 59, 4/2/18).  As in *Bodan*, the crux of the motion for sanctions in the present case is that the Zarco Firm should be sanctioned because based on its prior representation of Mr. Dupoux in the *Gutierrez* case the Zarco Firm knew that: 1) the plaintiff cannot recover the tip credit and the alleged misappropriated tips under the FLSA; and 2) the defendants' pay practices qualified for the 207(i) exemption to the FLSA. Id. at 1.

Despite the defendants' contention that the plaintiff is seeking only to recover "misappropriated" tips (Motion at 10-11; DE# 30, 4/2/18), the initial and amended complaint sought relief for the defendants' failure to pay her minimum wage under the FLSA.[3]  In the Amended Complaint (DE# 27, 3/23/18), the plaintiff omitted the claim for violation of the FLSA's overtime compensation requirements and asserts a single count

_____

[3]The initial complaint also included a separate count for overtime compensation under the FLSA, which was omitted from the Amended Complaint.

3

for violation of the FLSA, 29 U.S.C. § 201, *et seq.* (failure to pay minimum wage and improper retention of [tips]).

In the response, the Zarco Firm maintains that it filed the complaint in good faith, has not engaged in bad faith, and argues among other grounds that the motion for sanctions concerns issues of fact that are more properly adjudicated through a motion for summary judgment than a motion for sanctions. Response at 3, 6 (DE# 33, 4/19/18). The motion for sanctions does not address the Amended Complaint. See Response at 1, n.1 (DE# 33, 4/19/18). The Zarco Firm maintains that its arguments are the same regardless of whether the defendants are moving for sanctions based on the initial complaint or the amended complaint. Id.

The defendants filed a reply that added that the Zarco Firm needlessly multiplied the proceedings when it filed eleven (11) separate cases on behalf of the plaintiffs that were severed from the *Bodan* action against the defendants rather than waiting for the results in this action. Reply at 4 (DE# 34, 4/20/18). The motion for sanctions is ripe for disposition.

## ANALYSIS

### I.   Legal Standards regarding Sanctions

#### A.   Rule 11 Sanctions

In the Eleventh Circuit, sanctions are warranted under Rule 11 when a party files a pleading that: 1) has no reasonable factual basis; 2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to existing law; and 3) is filed for an improper purpose or in bad faith. Baker

v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); United States v. Milam, 855 F.2d 739, 742 (11th Cir. 1998); Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir. 1989).  Rule 11 sanctions are appropriate only where the movant can demonstrate that the non-movant's claims have no "reasonable factual basis."  Baker, 158 F.3d at 524. Sanctions serve to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses."  United States v. Milam, 855 F.2d at 742.  "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether the signer of the pleadings should have been aware of their frivolous nature." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996)).  Under Rule 11, the objective standard for assessing a party's conduct is "reasonableness under the circumstances" and "what was reasonable to believe at the time the pleading was submitted."  Baker, 158 F.3d at 524.

The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001).  "[Rule 11] sanctions are reserved as *punishment* for those litigants who blatantly abuse the Court's resources – they will not be imposed lightly against every failing litigant."  Gelles v. Skrotsky, 15 F. Supp. 2d 1293, 1297 (M.D. Fla. 1998)(denying motion for sanctions regarding dismissed action).

**B.    28 U.S.C. § 1927**

Pursuant to Section 1927 of Title 28 of the United States Code,

Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case

5

> unreasonably and vexatiously may be required by the court to satisfy
> personally the excess costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

28 U.S.C. § 1927.  Because Section 1927 is penal in nature, the court must strictly

construe the statute.  Norelus v. Denny's Inc., 628 F.3d 1270, 1281 (11th Cir. 2010).

Three requirements must be satisfied to impose sanctions under the statute: "(1) an

attorney must engage in 'unreasonable and vexatious' conduct; (2) such 'unreasonable

and vexatious' conduct must 'multipl[y] the proceedings; and (3) the amount of the

sanction cannot exceed the costs occasioned by the objectionable conduct." Id.

(quoting McMahan v. Toto, 256 F.3d 1120,1128 (11th Cir. 2001)).  "An attorney

multiplies the proceedings unreasonably and vexatiously only when his conduct is 'so

egregious that it is "tantamount" to bad faith.'" Smith v. Psychiatric Solutions, Inc., 864

F. Supp. 2d 1241, 1268 (N.D. Fla. 2012) (quoting Amlong & Amlong, P.A. v. Denny's,

Inc., 500 F.3d 1230, 1239 (11th Cir. 2007)).  "Bad faith is an objective standard which

turns 'not on the attorney's subjective intent, but on the attorney's objective conduct.'"

Id.

> 'The term 'unreasonably' necessarily connotes that the district court must
> compare the attorney's conduct against the conduct of a 'reasonable'
> attorney and make a judgment about whether the conduct was acceptable
> according to some objective conduct.  The term 'vexatiously' similarly
> requires an evaluation of the attorney's objective conduct.'

Id. (quoting Amlong, 500 F.3d at 1239-40).  "Neither negligent conduct, standing alone,

nor lack of merit will support a finding of bad faith." Id. (citing Amlong, 500 F.3d at

1241-42).  Under Section 1927, the "'attorney must knowingly or recklessly pursue a

frivolous claim....'" Id.  "Recklessness is 'a gross deviation from conduct that might be

reasonable in the circumstances.'" Id. (quoting Schwartz v. Million Air, Inc., 341 F.3d

1220, 1227 (11th Cir. 2003)).  "'[O]bjectively reckless conduct is enough to warrant

sanctions even if the attorney does not act knowingly and malevolently."  Id. (quoting

Amlong, 500 F.3d at 1241).

      C.    **Inherent Power**

      The district court "has inherent power to control the proceedings before it."

Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1545 (11th Cir. 1993).  "'[D]eeply

rooted in the common law tradition is the power of any court to "manage its affairs

[which] necessarily includes the authority to impose reasonable and appropriate

sanctions upon errant lawyers practicing before it."'" Id. (quoting Carlucci v. Piper

Aircraft Corp., 775 F.2d 1440, 1447 (11th Cir. 1985) (citation omitted)).  Courts also

have the power to sanction a party or attorney who "'shows bad faith by delaying or

disrupting the litigation or by hampering enforcement of a court order.'"  Id. (quoting

Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)).  "Bad faith exists when the court finds

that a fraud has been practiced upon it, or 'that the very temple of justice has been

defiled,' or where a party or attorney knowingly or recklessly raises a frivolous

argument, delays or disrupts the litigation, or hampers the enforcement of a court

order."  Allapattah v. Servs., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1373 (S.D. Fla.

2005) (quoting Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991); Malautea, 987

F.2d 1536, 1545-46) (other citation omitted). "Because of their very potency, inherent

powers must be exercised with restraint and discretion."  Chambers, 111 S. Ct. at 2133.

"[W]hen there is bad-faith conduct in the course of the litigation that could be

adequately sanctioned under the Rules, the court ordinarily should rely on the Rules

rather than the inherent power."  Id. at 2136.

II.     **Sanctions Are Not Warranted**

The defendants seek sanctions against the plaintiff's disqualified counsel, the Zarco Firm, for the filing of this allegedly frivolous lawsuit on behalf of a former River Yacht Club employee on the following grounds: 1) the Zarco Firm has expertise involving the FLSA and the 207(i) exemption because they formerly represented one of the defendants in an unrelated case; 2) the Zarco Firm was put on notice of the claimed exemption when the defendants filed the Certification of Sami Kohen and because the phrase "service charge" appeared on the plaintiff's paystub; 3) recovery of tips is not available under the FLSA; and 4) the pursuit of the lawsuit is vexatious because Robert Zarco, Esq., has an ownership interest in a Miami restaurant, Seaspice, which was a direct competitor of the former River Yacht Club restaurant.

The defendants argue that the Zarco Firm successfully defended one of the defendants, Mr. Dupoux, in an unrelated FLSA case involving an alleged "tip pool" which was actually a service charge and the utilization of a 207(i) exemption for paying front of the house employees. See *Jorge Gutierrez v Seasalt and Pepper, LLC, et al.,* Case No. 14-cv-22852-UU ("*Gutierrez*"). The defendants contend that the plaintiff was not hired as a tipped employee as she alleges, but was hired as a commissioned sales employee who was compensated pursuant to 29 U.S.C. § 207(i), as were all of the Front of the House Staff.  See Motion at 6 (DE# 30, 4/2/18) (citing Kohen Certification).

The defendants argue further that the relief sought (i.e. the full amount of tips) by the plaintiff is not available under the FLSA.  Relying on the same arguments that they raised in their motion to dismiss complaint (DE# 25, pp. 7-10), the defendants maintain

that the plaintiff has failed to properly plead or allege any federal law(s) or causes of action that would allow her to recover the "tips" that she alleged were misappropriated.

Finally, the defendants surmise that Roberto Zarco, Esq.'s ownership interest in the defendants' former direct competitor, Seaspice restaurant, reveals his true motivation as a "transparent, vexatious and bad faith attempt to harass River Yacht Club and divert its limited resources to this litigation and the other pending eleven (11) lawsuits."  Motion at 11-12 (DE# 30, 4/2/18). In their reply, the defendants argue that the Zarco Firm needlessly multiplied the proceedings when it filed eleven lawsuits for the eleven plaintiffs that were severed and dismissed from this lawsuit.  Reply at 4 (DE# 34, 4/20/18).

The Zarco Firm argues that defendants' motion for sanctions should be denied because: 1) Rule 11 is an extraordinary remedy that requires the movant to show the claims were without any reasonable factual basis; 2) sanctions pursuant to 28 U.S.C. § 1927 require the movant to prove that plaintiff's counsel engaged in "unreasonable and vexatious" conduct that multiplied the proceedings; 3) the Zarco Firm filed the complaint in good faith and did not engage in bad faith; 4) representation of Mr. Dupoux in an entirely unrelated litigation does not provide grounds for sanctions; 5) a Rule 11 motion is not an avenue to seek judgment on the merits of the case; 6) Robert Zarco's ownership interest in Seaspice restaurant is not grounds for sanctions; and 7) the motion for sanctions is premature.[4]  Response at 4-7 (DE# 33, 4/19/18).

---

[4]Although the Court *sua sponte* dismissed this action without prejudice for the plaintiff's failure to comply with the Court's Order that required the plaintiff to notify the Court by March 29, 2018 of the plaintiff's intent to proceed *pro se* or with new counsel, the undersigned agrees with the defendants that the motion for sanctions is not

### A.    The Defendants Have Not Shown that the Lawsuit Is Frivolous

As the Court explained in its Order in *Bodan* (17-cv-24530-UU, DE# 53, 3/20/18), the crux of the defendants' motion for sanctions is that the plaintiff's claims are frivolous because the "[D]efendants have provided the Zarco Firm with evidence proving that their operation of the tip pool falls squarely within [the 29 U.S.C. § 207(i)] exception[5] to [the] FLSA," which is "the same as the tip-pool issue in *Gutierez* [sic], [a case in which the Zarco Firm] advised the defendants there how to create that tip pool."  See Order (DE# 26, 3/20/18) (granting motion to dismiss Complaint "for the same reasons" as in *Bodan* because "the Complaint in this action includes the same allegations as the complaint in *Bodan*"). Additionally, the defendants' contend that the Zarco Firm's failure to address the issue that the recovery of tips is not available under the FLSA in its response bolsters the defendants' contention that the entire action is frivolous.  See Reply at 4 (DE# 34, 4/20/18).

In the response, the Zarco Firm maintains that it filed the complaint in good faith and has not engaged in bad faith.  The Zarco Firm states that the complaint was not filed for any purpose other than: (i) to pursue claims of violation of the Fair Labor Standards Act for the defendants' failure to pay the plaintiff minimum wage; (ii) to pursue claims for breach of contract and unjust enrichment for defendants' unlawful

---

premature in light of the dismissal and closing of the case. See Reply at 7 (DE# 34, 4/20/18); see also Order (DE# 29, 3/30/18).

[5]Section 207(i) provides an exception from liability if "(1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable ... and (2) more than half of his compensation for a representative period (not less than one month) represents commissions on goods or services." 29 U.S.C. § 207(i).

retention of plaintiff's tips; and (iii) obtain an accounting because all of the plaintiff's employment records are in the possession of the defendants and the defendants ignored the plaintiff's pre-suit demand letter requesting all documentation from defendants of plaintiff's employment by River Yacht Club.  Response at 3, 6 n.5 (DE# 33, 4/19/18).  The Amended Complaint contains a single count for violating the FLSA as to minimum wages.  See Amended Complaint (DE# 27, 3/23/18).

The Zarco Firm argues further that Rule 11 motions "should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.  Nor should Rule 11 motions be prepared to emphasize the merits of a party's position...." Response at 6 (DE# 33, 4/19/18) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment)).  The undersigned agrees.

The defendants rely on Eisenberg Development Corp. v. City of Miami Beach, 95 F. Supp. 3d 1376 (S.D. Fla. 2015) and Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996).  Although the decisions address the legal standards for imposition of sanctions, both decisions are factually distinguishable from the present action.

In Eisenberg Development, the district court determined that all of the claims that the owner and operator of an unlawful, sprinklerless hotel against the city were groundless, frivolous and brought in bad faith.  The unsuccessful claims included an equal protection claim which lacked merit because the plaintiff failed to identify comparators as required by established Eleventh Circuit precedent.  Discovery proved the allegations of the plaintiff's first amendment retaliation claim to be false.  Similarly, the due process claims were based on false allegations.  The court found the state-law

11

claims to be patently frivolous based on the statutory text and dismissed those claims. The court also dismissed the declaratory judgment request finding that it was a remedy, not a separate cause of action.  The <u>Eisenberg Development</u> court entered judgment on the pleadings before trial and held that sanctions were proper under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.

   <u>Worldwide Primates</u> is also distinguishable.  In <u>Worldwide Primates</u>, the defendant showed that the plaintiff's counsel failed to conduct any investigation into the allegations of tortious interference by his client and long-time friend.  In an underlying decision in <u>Worldwide Primates</u>, the court found that the tortious interference claim was objectively frivolous because the attachments to the purported tortious letters provided factual bases for the information conveyed in the letters and the plaintiff did not sustain damages resulting from the alleged tortious interference.  The <u>Worldwide Primates</u> court found that had the plaintiff's counsel "made [a] reasonable inquiry [into the facts on which the claim was predicated,] he would have discovered that Worldwide's tortious interference claim was frivolous." <u>Worldwide Primates</u>, 87 F.3d at 1254.

   Unlike <u>Eisenberg Development</u> and <u>Worldwide Primates</u>, the state law claims in this action were dismissed without prejudice *sua sponte* on the ground that the Court did not wish to exercise supplemental jurisdiction.  Ultimately, the present action was dismissed without prejudice *sua sponte* for the plaintiff's failure to comply with a Court-imposed deadline to notify the Court of whether the plaintiff intended to proceed *pro se* or retain new counsel after the Court disqualified the Zarco Firm. The plaintiff's claims were not dismissed on the merits and the Court did not make any finding that the claims

were objectively frivolous as in Eisenberg Development and Worldwide Primates.

In the subject motion for sanctions, the defendants rely heavily on the grounds raised in their motion to dismiss the initial complaint. Compare Motion for Sanctions (DE# 30, 4/2/18) with Motion to Dismiss (DE# 25, 3/16/18). Additionally, the defendants rely on the Certification of Sami Kohen ("Kohen Certification") (DE# 25-1, 1/30/18) that was filed in support of the defendants' motion to dismiss.  At the time the Court dismissed the case after the Amended Complaint was filed, no motion to dismiss was pending and no motion to dismiss the Amended Complaint was ever filed.

The Zarco Firm contends that the defendants' motion for sanctions is essentially seeking a ruling on their motion to dismiss.[6]  Response at 5 (DE# 33, 4/19/18); FCOA, LLC v. Foremost Title & Escrow Servs., LLC, Case No. 17-CIV-23971, 2018 WL 6224497, at *2, 3 (S.D. Fla. Jan. 30, 2018) (denying a motion for sanctions where the court found that the defendant's motion for sanctions was an "improper attempt to convert a disagreement over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute"); see also Bidford v. BESM, Inc., Case No. 12-61215-CIV-Williams/Seltzer, 2012 WL 624497, at *2 (S.D. Fla. Oct. 12, 2012) (explaining that Rule 11 is an extraordinary remedy that "should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be

_____

[6]Eight (8) of the fourteen (14) paragraphs in Section B of the Defendants' Motion for Sanctions are substantially similar to paragraphs in the defendants' motion to dismiss.  Response at 5 (DE# 33, 4/19/18)(identifying Paragraphs 17-22, and 23-24 of the sanctions motion). Eight (8) o f the ten (10) paragraphs in Section C of the sanctions motions  are substantially the same as the defendants' motion to dismiss.  Id. (citing Suntrust Bank v. Ruiz, No. 14-21107-CIV, 2014 WL 5321094, at *2 (S.D. Fla. Oct. 17, 2014) (holding that "[t]he fact that this Motion for Sanctions is so similar to the motion to dismiss pending before the District Court is problematic.").

13

disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trail on the merits") (quoting In re New Motor Vehicles Canadian Export Antitrust Litigation, 244 F.R.D. 70, 74 (D. Me. 2007)).

Relying on the Kohen Certification, the defendants contend that the Zarco Firm should be sanctioned because the plaintiff's paystubs indicate that the paycheck was attributable to "Service Charges." (DE# 30 at 6).  The Zarco Firm argues that the defendants' characterization of a charge to a patron or payment to an employee as a "service charge" does not mean that the charge meets the definition of a service charge under the FLSA.  Response at 6 (DE# 33, 4/19/18) (citing Cachola-Bonilla v. Wyndam el Conquistador Resort & Country Club, 577 F. Supp. 2d 566, 574 (D. P.R. 2008) (granting in part and denying in part the defendant's motion for summary judgment and explaining that "whether the charge made to customers was a tip, not subject to the defendant's retention, or constituted a 'service charge' and in reality not a 'tip', can not be disposed by the court on brevis disposition fashion as there are clearly issues of material facts in dispute")).  The undersigned finds that the allegations of minimum wage violations under the FLSA in the subject case present fact questions as to whether the tip pool was valid and whether the plaintiff was properly paid under the FLSA.

In the present case, the defendants failed to satisfy the burden of establishing that the plaintiff's claims for violations of the FLSA regarding minimum wage and overtime compensation are objectively frivolous and that the Zarco Firm knew or should have known at the time they presented the plaintiff's claims.  Because the defendants cannot show that the plaintiff's claim for violation of minimum wage under the FLSA in

14

both iterations of the complaint and the plaintiff's claim for violation of overtime

compensation under the FLSA in the initial complaint are objectively frivolous, the Court

should deny the defendants' motion for sanctions under Rule 11.

**B.    No Bad Faith and No Multiplication of the Proceedings**

The defendants must satisfy three requirements to impose sanctions against the

Zarco Firm pursuant to 28 U.S.C. 1927: first, "the attorney must engage in

'unreasonable and vexatious conduct;'" second, that conduct "must be the conduct that

'multiplies the proceedings;'" and third, the "dollar amount of the sanction must bear a

financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the 'costs,

expenses, and attorneys' fees reasonably incurred because of such conduct.'"

Peterson v. BMI Refractories, 124 F.3d 1386, 1397 (11th Cir. 1997).

The defendants rely on the Zarco Firm's expertise regarding the 207(i)

exemption under the FLSA in a prior successful representation of Mr. Dupoux in

unrelated litigation (*Gutierrez*) and that Robert Zarco, Esq.'s ownership interest in the

defendant restaurant's former direct competitor, Seaspice, to evidence bad faith and

warrant sanctions against the Zarco Firm.  Neither ground establishes bad faith.

The paperless Order ruled that the plaintiff's "contention that the tip pool is

invalid because a portion was retained by the employer is wrong as a matter of law" and

cited 29 C.F.R. § 531.52.  See Order in *Bodan*, Case No. 17-cv-24530-UU (DE# 48,

3/2/18); cf. Malivuk v. Ameripark, LLC, 694 F. App'x 705, 708 (11th Cir. 2017) (affirming

dismissal of claim alleging employer's violation of FLSA based on employer's alleged

pocketing of tips where the plaintiff "[did] not assert that she received less than

minimum wage before tips or that she was under-compensated for overtime work"). Unlike Malivuk, in the present case, both iterations of the plaintiff's complaint included allegations that the plaintiff was not paid minimum wage because she was forced to participate in an invalid tip pool that included employees who do not customarily and regularly receive tips.  See Amended Complaint ¶¶ 19-20, 22, 49 (DE# 27, 3/23/18) ("...the Defendants owe the Plaintiff the full minimum wage for each hour worked up to 40 hours in a week."); see also Complaint ¶ 27, 45, 65 (DE# 1-1, 1/11/18) (alleging that tips were distributed to "non-tipped" employees).

The dismissal Order in Bodan that allowed the filing of the Amended Complaint in the present action explained further that: "the ... complaint is unclear with respect to whether the employer relied on the tip credit throughout the entirety of Plaintiff's employment and whether Plaintiff is complaining that apart from the alleged invalidity of the tip pool, that she is owed wages" and allowed the plaintiff to file an amended complaint, which she did when she filed the subject Amended Complaint. See Order (DE# 26, 3/20/18)(dismissing the complaint for the same reasons as in Bodan (DE# 48, 3/2/18)).  The plaintiff revised the allegations in her Amended Complaint to clarify her claim for minimum wage violations under the FLSA that the Court's Order of dismissal in Bodan identified.  At the time of the final dismissal without prejudice, no motion to dismiss on the merits was pending in the present action.

Without citing any precedent or authority, the defendants argue in their reply that the Zarco Firm improperly multiplied the proceedings when it failed to wait for the outcome in the Bodan case before it filed the subject case and ten other separate

lawsuits for the plaintiffs who were *sua sponte* dismissed and severed from the *Bodan* action.  The filing of the separate lawsuits as a result of this Court's Order is not sanctionable conduct. See, e.g. Peterson v. BMI Refractories, 124 F.3d 1386, 1397 (11th Cir. 1997) (reversing an award of sanctions where additional litigation resulted from a variety of issues including procedural matters).

Sanctions are imposed to deter and punish. The defendants have failed to show that the Zarco Firm's prosecution of the plaintiff's federal claims based on allegations of violations of minimum wage and overtime compensation under the FLSA was conducted in bad faith to meet the high standard for imposition of sanctions. See Amlong, 500 F.3d at 1242 ("[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions–the attorney must *knowingly* or *recklessly* pursue a frivolous claim..."). Accordingly, the undersigned recommends that the Court deny the defendants' motion for sanctions pursuant to 28 U.S.C. § 1927.

### C.   Sanctions Not Warranted under Court's Inherent Power

"Because of their very potency, inherent powers must be exercised with restraint and discretion."   Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2133 (1991).  The defendants have not shown the Zarco Firm knowingly or recklessly raised a frivolous argument or any other basis for sanctions under the Court's inherent power. Accordingly, the undersigned recommends that the Court deny the defendants' motion for sanctions under this Court's inherent power.

## II.   No Evidentiary Hearing Is Warranted

The Defendants request a hearing and an evidentiary hearing on their motion for

sanctions. "Rule 11 does not require that a hearing separate from trial or other pretrial hearings be held on Rule 11 charges before sanctions case be imposed; indeed the Advisory Committee Note indicates that the contrary is preferable." <u>Donaldson v. Clark</u>, 819 F.2d 1551,1560 (11th Cir. 1987).  The undersigned finds that no hearing is required and recommends that the defendants' request for an evidentiary hearing on their motion be denied.

<u>CONCLUSION</u>

The plaintiff's claims for violations of the minimum wage and overtime provisions under the FLSA were not objectively frivolous and do not warrant imposition of sanctions under Rule 11, 28 U.S.C. 1927 or this Court's inherent power.

<u>RECOMMENDATION</u>

In accordance with the foregoing, the undersigned respectfully recommends that the Defendants' Motion for Sanctions (DE# 30, 4/2/18) and the defendants' request for a hearing or evidentiary hearing be **DENIED**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790,

18

794 (1989); 11th Cir. R. 3-1 (2016).

       RESPECTFULLY SUBMITTED in Chambers, at the United States Courthouse,

Miami, Florida this 24<u>th</u> day of August, 2018.


                                      _____

                                      JOHN J. O'SULLIVAN
                                      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Ungaro
All counsel of record